**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| GULF COAST BANK AND TRUST COMPANY, AS ASSIGNEE OF BANK OF AMERICA, N.A., <br><br>*Plaintiff*, <br><br>v. <br><br>ACCELERATED GENETIX, LLC, AND BRETT BECKER <br><br>*Defendants*. | § § § § § § § § § § § § § § | Civil Action No. 4:22-cv-00432 |

**GULF COAST BANK AND TRUST COMPANY'S**
**ORIGINAL COMPLAINT**

Plaintiff, Gulf Coast Bank and Trust Company, as assignee of Bank of America, N.A., ("Gulf Coast Bank"), files this its *Original Complaint* (the "Complaint") against defendants Accelerated Genetix, LLC ("Accelerated Genetix") and Brett Becker ("Becker") (collectively, "Defendants"), and alleges as follows:

**Parties**

1. Plaintiff, Gulf Coast Bank and Trust Company, is a Louisiana-chartered state bank with its principal place of business in the Parish of Orleans, Louisiana.

2. Defendant, Accelerated Genetix, LLC is a Texas limited liability company whose principal office is located in Denton County, Texas at 344 McDonnell St., Lewisville, Texas 75057 and who may be served with process by serving its registered agent for service of process, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717, or wherever it may be found.

3. Defendant, Brett Becker, is a Texas resident who may be served with process in Denton County, Texas, at 745 Simmons Road, Double Oak, Texas 75077, or 4100 Broadway Ave., Unit 11201, Flower Mound, Texas 75028, or wherever he may be found.

## Jurisdiction

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Both Defendants are citizens of Texas. Defendant Accelerated Genetix is a citizen of Texas, as all of its members are citizens of Texas. *See, e.g.*, *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). Accelerated Genetix has two members – Brett Becker and Nicholas Watson.[1] Both members are domiciled in Texas.[2] Brett Becker is domiciled in Texas at 745 Simmons Road, Double Oak, Texas 75077 and is therefore a citizen of Texas.[3] Nicholas Watson is domiciled in Texas at 6409 Roaring Creek, Argyle, Texas 76226 and is therefore a citizen of Texas.[4]

6. Defendant Brett Becker is an individual domiciled in Texas and is therefore a citizen of Texas. *See George v. SI Grp., Inc.*, No. 20-40427, 2021 WL 5095981, at *1 (5th Cir. Nov. 2, 2021) ("Citizenship for an individual is synonymous with the person's domicile . . . ."). Neither Defendant is a citizen of Louisiana.

---

[1] *See* Accelerated Genetix's 2020 Texas Franchise Tax Public Information Report, attached hereto as Exhibit A. This document is publicly available on the Texas Secretary of State's website, at https://sosdirectws.sos.state.tx.us/PDFonDemand/RetrievePDF.aspx?document_number=1040020000001&session_code=051822FG5444. *See* Rocket Distriubtion, LLC's 2022 Texas Franchise Tax Public Information Report, attached hereto as Exhibit B. This document is publicly available on the Texas Secretary of State's website, at https://sosdirectws.sos.state.tx.us/PDFonDemand/RetrievePDF.aspx?document_number=1108212650001&session_code=051822ID4122. Exhibits A and B provide that Becker is currently a member of Accelerated Genetix and Rocket Distribution, LLC and that his mailing address is 745 Simmons Road, Double Oak, Texas 75077. Exhibit A provides that Nicholas Watson is currently a member of Accelerated Genetix and that his address is 6409 Roaring Creek, Argyle, Texas 76226.
[2] *See id.*
[3] *See id.*
[4] *See id.*

7. Plaintiff Gulf Coast Bank is a Louisiana-chartered state bank with its principal place of business in Louisiana and is therefore a citizen of Louisiana. *See* Exhibit C; Exhibit D; 28 U.S.C. § 1332(c)(1), (d); *Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004) ("[A] state bank, under 28 U.S.C. § 1332(c)(1), may be a citizen of no more than two states—the state where its principal place of business is located and its state of incorporation . . . .") *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006); *see also Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., LLC*, No. CV 16-412-JJB-RLB, 2016 WL 4939113, at *1 (M.D. La. Sept. 14, 2016) ("Plaintiff Gulf Coast [Bank and Trust Company] is a Louisiana state bank domiciled in the Parish of Orleans, licensed to do business in the State of Louisiana, with its principal place of business in Louisiana."), *aff'd sub nom. Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.*, 717 F. App'x 394 (5th Cir. 2017). Gulf Coast Bank is not a citizen of Texas.

8. The amount due and owing from Accelerated Genetix and Brett Becker unto Gulf Coast Bank exceeds $106,960.06.

## **Venue**

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Becker resides in this district.

10. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because Accelerated Genetix resides in this district.

11. Venue is also proper in this district under 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 USC § 1391(b)(2).

**Facts**

12. On July 25, 2016, Accelerated Genetix and Becker (as Guarantor) executed that certain *Line of Credit Authorization and Personal Guaranty* (the "Authorization") wherein Accelerated Genetix applied for a Bank of America line of credit.[5] The Authorization provided that by signing the Authorization, Accelerated Genetix agreed to be bound by the Line of Credit Agreement that would be subsequently mailed if Accelerated Genetix was approved for the line of credit.[6] The Authorization further provided that Accelerated Genetix's use of the mailed Line of Credit Agreement confirmed its Acceptance of both the Authorization and the Line of Credit Agreement.[7]

13. The Authorization also contained a Personal Guaranty in which Becker unconditionally guaranteed and promised to repay any and all indebtedness of Accelerated Genetix to Bank of America and its successors and assigns.[8]

14. The *Line of Credit Agreement*, dated August 10, 2016, provided that Bank of America would furnish a revolving line of credit to Accelerated Genetix in the amount of $130,000 (the "Loan") in exchange for Accelerated Genetix's agreement to repay any and all principal, interest, and other charges due and owing by August 10, 2017.[9]

15. Thereafter, the maturity date was eventually extended to December 16, 2020 (the "Maturity Date.")[10]

---

[5] *See* Exhibit E.
[6] *See id.* at 1.
[7] *See id.*
[8] *See id.* at 1–2.
[9] *See* Exhibit F.
[10] *See* Exhibit G.

16. On November 18, 2021, Bank of America and Gulf Coast Bank executed that certain *Bill of Sale* in which Bank of America sold, assigned, and conveyed unto Gulf Coast Bank all of its rights, title, and interest in, *inter alia*, the Authorization and Line of Credit Agreement.[11]

17. The Maturity Date has passed and neither Accelerated Genetix nor Becker have made payment of the amounts due and owing under their respective agreements.

18. The amount due and owing under the Authorization and Line of Credit Agreement exceeds $106,960.06.

### Count 1 – Breach of Contract Against Accelerated Genetix

19. Valid, enforceable contracts exist by and between Gulf Coast Bank and Accelerated Genetix, namely, the Authorization and Line of Credit Agreement.

20. Gulf Coast Bank has performed its obligations under the agreements.

21. Accelerated Genetix has not performed its obligations under the agreements. Specifically, Accelerated Genetix has not made full payment of its outstanding indebtedness as and when due and upon subsequent, post-Maturity-Date demand. Accelerated Genetix's nonperformance was a breach of the agreements.

22. As a direct and proximate result of Accelerated Genetix's breaches, Gulf Coast Bank has suffered damages, including but not limited to the amount of Accelerated Genetix's unpaid indebtedness and other unpaid amounts due under the agreements.

### Count 2 – Breach of Contract Against Becker

23. A valid, enforceable contract exists by and between Gulf Coast Bank and Becker, namely, the Authorization.

24. Gulf Coast Bank has performed its obligations under the Authorization.

---

[11] *See* Exhibit H (irrelevant pages omitted and irrelevant portions redacted).

Case 4:22-cv-00432-ALM-BD  Document 1  Filed 05/19/22  Page 6 of 8 PageID #: 6

25. Becker has not performed his obligations under the Authorization. Specifically, Becker has not made full payment of his outstanding indebtedness as and when due and upon subsequent, post-Maturity-Date demand. Becker's nonperformance was a breach of the Authorization.

26. As a direct and proximate result of Becker's breach, Gulf Coast Bank has suffered damages, including but not limited to the amount of Becker's unpaid indebtedness and other unpaid amounts due under the Authorization.

## Attorney's Fees Against Accelerated Genetix

27. Gulf Coast Bank is entitled to recover its attorneys' fees from Accelerated Genetix under section 9.7 of the Line of Credit Agreement, which provides:

> The Borrower shall reimburse the Bank for any reasonable costs and attorneys' fees incurred by the Bank in connection with the enforcement or preservation of any rights and remedies under this Agreement and any other documents executed in connection with this Agreement . . . . In the event of a lawsuit or arbitration proceeding, the prevailing party is entitled to recover costs and reasonable attorneys' fees incurred in connection with the lawsuit or arbitration proceeding . . . .[12]

28. Gulf Coast Bank is also entitled to recover its attorney's fees from Accelerated Genetix under Texas Civil Practice & Remedies Code Chapter 38 because this is a suit for breach of a written contract. *See Partners Lending Auto Grp., L.L.C. v. Leedom Fin. Servs., L.L.C.*, 432 F. App'x 291, 293 (5th Cir. 2011) (upholding award of attorneys' fees pursuant to Texas Civil Practice & Remedies Code Chapter 38). Gulf Coast Bank retained counsel, who presented Gulf Coast Bank's claim to Accelerated Genetix. Accelerated Genetix did not tender the amount owed within 30 days after the claim was presented.

---

[12] Exhibit E at 14.

6

### Attorney's Fees Against Becker

29. Gulf Coast Bank is entitled to recover its attorneys' fees from Becker under the provisions of the Authorization. Pursuant to the Authorization, Becker "agree[d] to pay the costs and expenses (including attorneys' fees) of Bank in enforcing this Personal Guaranty."[13]

30. Gulf Coast Bank is also entitled to recover its attorney's fees from Becker under Texas Civil Practice & Remedies Code Chapter 38 because this is a suit for breach of a written contract. *See Partners Lending Auto Grp., L.L.C.*, 432 F. App'x at 293. Gulf Coast Bank retained counsel, who presented Gulf Coast Bank's claim to Becker. Becker did not tender the amount owed within 30 days after the claim was presented.

### Conditions Precedent

31. All conditions precedent have occurred or been performed.

### Conclusion & Prayer

For these reasons, Plaintiff, Gulf Coast Bank and Trust Company asks that the Court issue citation for defendants, Accelerated Genetix, LLC and Brett Becker to appear and answer, and that Gulf Coast Bank and Trust Company be awarded a judgment against Accelerated Genetix, LLC and Brett Becker for the following:

a. Actual damages;

b. Prejudgment and postjudgment interest;

c. Court costs;

d. Attorneys' fees; and

e. All other relief to which Gulf Coast Bank and Trust Company is entitled.

---

[13] Exhibit F at 2.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: */s/ Evan A. Moeller*
　　Evan A. Moeller
　　*Lead Attorney*
　　State Bar No. 24051067
　　Fed Bar No. 664837
　　evan.moeller@arlaw.com
　　LyondellBasell Tower
　　1221 McKinney St., Suite 4400
　　Houston, Texas 77010
　　Telephone: (713) 652-5151
　　Facsimile: (713) 652-5152

*Attorney for Gulf Coast Bank and Trust Company*