**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **GULF COAST BANK AND TRUST COMPANY, AS ASSIGNEE OF BANK OF AMERICA, N.A.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**ACCELERATED GENETIX, LLC, AND BRETT BECKER**<br><br>*Defendants*. | § § § § § § § § § § § § § § | Civil Action No. 4:22-CV-00432-ALM |

**GULF COAST BANK AND TRUST COMPANY'S
<u>MOTION FOR DEFAULT JUDGMENT</u>**

COMES NOW, Gulf Coast Bank and Trust Company, as assignee of Bank of America, N.A., ("Plaintiff") and files this *Motion for Default Judgment* (the "Motion") and respectfully requests the Clerk of this Court (the "Clerk"), or this Court award a default judgment against Defendants Accelerated Genetix, LLC ("Accelerated Genetix") and Brett Becker ("Becker") (collectively "Defendants") as authorized by FRCP 55(b)(1) (if by the Clerk) or FRCP 55(b)(2) (if by this Court), and in support thereof, would respectfully show as follows:

**<u>Background</u>**

1.      On May 19, 2022, Plaintiff filed its *Original Complaint* (the "Complaint") against Defendants.[1]

2.      On May 20, 2022 the Clerk issued those certain *Summons in a Civil Action* (the "Summons") for service upon Defendants.[2]

---

[1] Doc. 1. Plaintiff respectfully requests that the Court to take judicial notice of its own file.
[2] Docs. 2–3.

3. Accelerated Genetix was served by private process server on May 24, 2022.[3] Becker was served by private process server on June 9, 2022.[4]

4. On July 2, 2022, Plaintiff filed Affidavits in Support of Clerk's Entry of Default and requested that the Clerk enter default against Defendants.[5] On July 5, 2022, the Clerk entered default against Defendants.[6]

5. As of the filing of this Request, Defendants have failed to plead or otherwise defend this action and thus Plaintiff is entitled default judgments against Defendants. Fed. R. Civ. P. 55(a), (b)(1), (b)(2).

## Argument & Authorities

6. Plaintiff requests that the Clerk or this Court enter a Default Judgment against Defendants. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

7. Becker is not a minor or an incompetent person or in the active military service of the United States of America or its officers or agents or was not six months prior to the filing of the case.[7] *See* 50 U.S.C. §§ 520, 3931(b)(1); Fed. R. Civ. P. 55(b)(1), (d).

8. Accelerated Genetix is not a minor, an incompetent person, in the active military service of the United States of America or its officers or agents or was not six months prior to the

---

[3] Docs. 4, 10-1.
[4] Docs. 7, 10-2.
[5] Docs. 10–10-2.
[6] Doc. 11.
[7] Doc. 10-2; Exhibit A.

filing of the case.[8] Indeed, as a business entity, Accelerated Genetix cannot be a minor, incompetent person, or a member of the military. *See Jyue Hwa Fu v. Yeh Chin Chin*, No. 3:18-CV-2066-N-BN, 2020 WL 4296360, at *4 (N.D. Tex. May 6, 2020) ("As a business entity, Ling's Holding is neither a minor nor incompetent, and it is not a member of the military."), *report and recommendation adopted*, No. 3:18-CV-2066-N-BN, 2020 WL 4287590 (N.D. Tex. July 27, 2020); *Pemeno Shipping Co. Ltd. v. Louis Dreyfus Corp.*, No. CIV.A. H-04-2996, 2007 WL 150350, at *3 (S.D. Tex. Jan. 12, 2007) ("Verde Rocca, a legal entity, is not a minor, incompetent, or current member of the military service."); *Van Winkle v. JSCP, LLC*, No. CV H-17-1986, 2018 WL 3756963, at *2 (S.D. Tex. Aug. 8, 2018 ("A corporate entity is not a service member under the statute.").

9.  The Clerk or this Court should enter a Default Judgment because Gulf Coast Bank's damages are certain or can be made certain by computation pursuant to the *Declaration of Joel Daste* and the attachments thereto (showing principal and interest) and the *Declaration of Collin M. Weyand*, and the attachments thereto (showing attorneys' fees and costs).[9]

10. Plaintiff seeks liquidated damages for principal and interest due and owing from Defendants under the loan documents attached hereto as Exhibit B-1 through B-4, including a *Line of Credit Authorization and Personal Guaranty* (the "Authorization") and *Line of Credit Agreement* ("Line of Credit Agreement").[10] The Line of Credit Agreement provided that Bank of America would furnish a revolving line of credit to Accelerated Genetix in the amount of $130,000 in exchange for Accelerated Genetix's agreement to repay any and all principal, interest, and other

---

[8] Docket 10-1; Exhibit A.
[9] *See* Exhibit A; Exhibit B.
[10] *See* Exhibits B, B-1, B-2.

charges.[11] The Authorization contained a Personal Guaranty in which Becker unconditionally guaranteed and promised to repay any and all indebtedness of Accelerated Genetix.[12]

11. Plaintiff seeks liquidated damages for principal and interest due and owing from Defendants under the loan documents attached hereto as Exhibits B-1 through B-4 in the amount of $107,660.94 as of July 12, 2022, plus $16.44 in prejudgment interest accruing per day thereafter until judgment, as established by the *Declaration of Joel Daste* attached hereto as Exhibit B, and the aforementioned loan documents.[13]

12. Plaintiff also seeks an award of liquidated damages of its attorneys' fees against Accelerated Genetix pursuant to section 9.7 of the Line of Credit Agreement in which Accelerated Genetix agreed to:

> [R]eimburse the Bank for any reasonable costs and attorneys' fees incurred by the Bank in connection with the enforcement or preservation of any rights and remedies under this Agreement and any other documents executed in connection with this Agreement . . . . In the event of a lawsuit or arbitration proceeding, the prevailing party is entitled to recover costs and reasonable attorneys' fees incurred in connection with the lawsuit or arbitration proceeding . . . .[14]

13. Plaintiff also seeks an award of liquidated damages of its attorneys' fees against Becker pursuant to the Authorization, in which Becker "agree[d] to pay the costs and expenses (including attorneys' fees) of Bank in enforcing this Personal Guaranty."[15]

14. Pursuant to the *Declaration of Collin M. Weyand,* counsel for Gulf Coast Bank, attached hereto as Exhibit A, and the invoices attached hereto as Exhibit A-1, Gulf Coast Bank retained the law firm of Adams and Reese LLP to prosecute its claims against Defendant, and has

---

[11] *See* Exhibits B, B-2.
[12] *See* Exhibits B, B-1.
[13] Exhibit B, ¶ 2.
[14] Exhibit B-2 at 14, ¶ 9.7.
[15] Exhibit B-1 at 2.

4

incurred $10,790.00 in reasonable and necessary attorneys' and paralegal's (acting at the direction and under the supervision of an attorney) fees, and $809.56 in costs in prosecuting this suit.[16]

## Conclusion & Prayer

WHEREFORE, Gulf Coast Bank and Trust Company, as assignee of Bank of America, N.A., respectfully requests that the Clerk of this Court or this Court enter a Default Judgment against Defendants Accelerated Genetix, LLC and Brett Becker, awarding Gulf Coast Bank and Trust Company liquidated damages of (1) $107,660.94 in principal and interest; plus (2) $16.44/day for each day between July 13, 2022 and the date of the signing of a default judgment; plus (3) $10,790.00 in attorneys' fees; plus (4) $809.56 in costs; plus (5) annual post-judgment interest of 2.86% (or the prevailing weekly average 1-year constant maturity Treasury yield as of the date of the Default Judgment) on those amounts calculated daily, beginning to accrue as of the date of the signing of judgment, and compounding annually.[17]

---

[16] *See* Exhibit A; Exhibit A-1.

[17] Pursuant to 28 U.S.C. § 1961, "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment. . . and shall be compounded annually." 28 U.S.C. § 1961(b). As of the date of the filing hereof, the weekly average 1-year constant maturity Treasury yield is **2.86%**. *See* FEDERAL RESERVE, *Data Download Program*, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 ((1) in the box titled "Select a preformatted data package", select the "Weekly Averages" bubble; then (2) click the "Go to download" button; then (3) click the "Review package" link; then, (4) in the "Description" column, find, "Market yield on U.S. Treasury securities at 1-year constant maturity, quoted on investment basis" and click the corresponding link in that row; and (5) the "Value"-column number in the first-row of that table is the rate of post-judgment interest).

Respectfully submitted,
**ADAMS AND REESE LLP**

By: */s/ Collin M. Weyand*
    Evan A. Moeller
    *Attorney in Charge*
    State Bar No. 24051067
    Fed. Bar No. 664837
    evan.moeller@arlaw.com
    Collin M. Weyand
    State Bar No. 24116663
    Fed. Bar No. 3251459
    collin.weyand@arlaw.com
    LyondellBasell Tower
    1221 McKinney St., Suite 4400
    Houston, Texas 77010
    Telephone: (713) 652-5151
    Facsimile: (713) 652-5152

*Attorneys for Gulf Coast Bank and Trust Company*